UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARVIN HALL,

        Plaintiff,

        v.                                    **DECISION AND ORDER**
                                                         18-CV-317S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.      Plaintiff Marvin Hall brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits under Title II of the Act. (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.      Plaintiff protectively filed his application with the Social Security Administration ("SSA") on May 25, 2016. (R.[1] at 177.) Plaintiff alleged disability since December 11, 2015, due to post traumatic stress disorder ("PTSD") and traumatic brain injury ("TBI"). (R. at 200.) Plaintiff's application was denied on June 27, 2016 (R. at 114), and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). (R. at 126.)

        3.      On February 16, 2017, ALJ Sharon Seeley held a hearing at which Plaintiff—represented by counsel—appeared and testified. (R. at 45.) Vocational Expert ("VE") Jay Steinbrenner also appeared and testified via telephone. Id. At the time of the

---

[1] Citations to the underlying administrative record are designated as "R. at __."

hearing, Plaintiff was 31 years old, with Army service, some college education, and past work experience as a clerk, inventory stocker, and therapy aide. (R. at 260, 188.)

4. The ALJ considered the case *de novo* and, on May 31, 2017, issued a written decision denying Plaintiff's application for benefits. (R. at 22-33.) On October 25, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff filed the current action challenging the Commissioner's final decision,[2] on March 8, 2018. (Docket No. 1.)

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 11, 14.) Plaintiff filed a response on December 28, 2018 (Docket No. 15), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[2] The ALJ's May 31, 2017 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

> mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

11. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity between his onset date of December 11, 2015, and his date last insured of June 30, 2016. (R. at 24.) At step two, the ALJ found that Plaintiff has the following severe

impairments: PTSD; depressive disorder; TBI; cannabis use disorder; and chronic headaches and migraines. Id. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 25-26.)

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with certain nonexertional limitations:

> [Plaintiff] can have occasional, incidental interaction with coworkers and the general public. He can work in an environment with no supervisory responsibilities, no independent decision-making required except with respect to simple, routine work[-]related decisions, no more than minimal changes in work process, routines or settings, and no work at production rate pace. Further, he can work in an environment with no more than a moderate noise level such as found in a department store, grocery store, or light traffic, and no exposure to hazards such as unprotected heights or moving machinery.

(R. at 26-27.)

13. At step four, the ALJ found Plaintiff unable to perform any past relevant work. (R. at 31.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 32.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 33.)

14. Plaintiff argues that the ALJ's denial of benefits is not supported by substantial evidence because the ALJ (1) improperly disregarded evidence that was relevant to the period at issue; (2) failed to properly evaluate medical opinion evidence; and (3) improperly relied on lay opinion in determining Plaintiff's RFC. (Docket No. 11 at 13-21.) For the reasons that follow, this Court finds that remand is warranted.

5

15. Plaintiff argues that the ALJ erred in disregarding evidence related to the determination of the Department of Veterans Affairs ("VA") that he was 100% disabled due to PTSD and TBI. (Docket No. 11 at 12-15.)

16. In the Second Circuit, "(w)hile the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered." Cutler v. Weinberger, 516 F.2d 1282, 1286 (2d Cir.1975); see also Hankerson v. Harris, 636 F.2d 893, 896-97 (2d Cir. 1980).

17. Here, the ALJ stated that she "considered the medical evaluations performed and opinions rendered as part of the VA disability process" even though she gave "no weight" to the VA's determination of Plaintiff's employability or 100% service-connected disability. (R. at 31.) This was error first because the VA's determination merited at least some weight. Additionally, a review of the ALJ's decision calls into question the adequacy of the ALJ's consideration of the underlying medical evidence.

18. The ALJ discussed the results of mental status exams performed by the VA in December 2016 and January 2017 but found these did not support a finding of disability. (R. at 28.) However, the ALJ also determined that much of Plaintiff's evidence "covering the period after his date last insured of June 30, 2016" was "not significantly relevant to a finding of disability, as this evidence does not generally refer to [Plaintiff's] condition and symptoms prior to and through his date last insured." (R. at 28.)

19. This inconsistency in reasoning is troubling. Evidence that is "not significantly relevant" cannot be sufficient to support a denial of benefits. Moreover, the

6

record indicates that the VA's 100% service-connected disability determination was made based in part on an examination dated March 23, 2016. (R. at 257.)

20. The record also indicates that on March 23, 2016, Dr. Tzetzo, a VA staff psychiatrist, reviewed Plaintiff's medical records (R. at 275), personally examined Plaintiff, and administered a MoCA[3] test. (R. at 283.) Plaintiff's score was a 22, which was a decline in performance from a score of 27 on October 22, 2012. Id. Dr. Tzetzo noted that both Plaintiff's PTSD and TBI residuals had worsened in the intervening time. (R. at 284.) Dr. Tzetzo further opined that "[Plaintiff] has seemed to have ongoing cognitive decline since the last 10/22/16 Review TBI C+P exam, having increased memory problems." Id.

21. This opinion was rendered during the relevant time period, conducted by a doctor who both reviewed the record and personally examined the Plaintiff, and explicitly noted deterioration in functioning between October 2012 and March 2016. Nevertheless, the ALJ gave "limited weight" to Dr. Tzetzo's evaluation because it was "not consistent with other evidence in the record, including the treatment history, the results of mental status examinations, and [Plaintiff's] activities of daily living." (R. at 31.) Given the relevance of Dr. Tzetzo's evaluation to the VA disability determination and to an assessment of Plaintiff's functioning during the relevant period, it was error to thus discount it.

---

[3] The Montreal Cognitive Assessment (MoCA) was designed as a rapid screening instrument for mild cognitive dysfunction. It assesses different cognitive domains: attention and concentration, executive functions, memory, language, visuoconstructional skills, conceptual thinking, calculations, and orientation. U.S. Dept. of Veterans Affairs: Parkinson's Disease Research, Education and Clinical Centers available at: https://www.parkinsons.va.gov/consortium/moca.asp, last accessed: September 28, 2019.

22. In determining Plaintiff's RFC, the ALJ improperly relied on her own lay opinion to decide that Plaintiff's activities of daily living contradicted medical findings of limitations. Dr. Janet Ippolito examined Plaintiff on June 21, 2019, and noted dysphoric affect, dysthymic mood, and impaired memory skills. (R. at 477.) Dr. Ippolito opined that Plaintiff had "moderate limitations" for attention and concentration, and "marked limitations" in relating to others and dealing with stress. (R at 478.)

23. The ALJ gave "some weight" to the areas of limitation stated by Dr. Ippolito. But the ALJ then found that the record did not support the limitations Dr. Ippolito listed, because Plaintiff was able to shop and take a vacation with his family. (R. at 30.) At his hearing, Plaintiff testified that when he shopped, he did so at 3 AM to avoid crowds and noise. (R. at 75-76.) When Plaintiff traveled, it was with family. (See R. at 352.) These facts do not provide a foundation for the ALJ's decisions that Dr. Ippolito was wrong, and that Plaintiff *could* deal with workplace stress or relate to non-family members.

24. The ALJ also improperly discounted the findings of VA psychiatrist Dr. Tzetzo. The ALJ stated that Dr. Tzetzo's findings were worth "less weight" because they were contradicted by Plaintiff's statements at different points in the record, but this was based on an erroneous reading of the record. (R. at 31.) The ALJ noted in particular that Plaintiff told Dr. Tzetzo that Plaintiff could not enjoy a family cruise because he "felt everyone was watching him," while he told Counselor Scott Jordan on January 21, 2016, that his family's love and support on the cruise had helped him. (R. at 276 for wedding, R. at 352 for cruise.) But Dr. Tzetzo's notes mention a *wedding in Miami* at which Plaintiff felt everyone was watching him, while Scott Jordan's notes mention the cruise Plaintiff took with his family. (R. at 276 for wedding; R. at 352 for cruise.) If this inconsistency is

8

what led the ALJ to discount Dr. Tzetzo's findings, it is not supported by substantial evidence.

26. In sum, this Court finds that the ALJ's disregard for the VA's disability determination and the medical evidence on which it was based, her substitution of her own judgment for a medical opinion regarding limitations, and her erroneous reading of the record mean that her disability determination is not supported by substantial evidence.

26. In addition to challenging the ALJ's RFC finding, Plaintiff also argues that the ALJ failed to give proper weight to the opinion of Dr. D. Bruno, a reviewing physician, and failed to consider all the opinions of Dr. Karen Klementowski and Social Worker Maria Saleh. This court offers no opinion on these arguments at this time because the case is being remanded on other grounds. Upon remand, the ALJ should review and readdress these issues as appropriate.

27. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:    October 1, 2019
              Buffalo, New York


                                                  s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge